RECEIVED
MAR 2 9 2006
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| RANDOLPH JACKSON | CIVIL ACTION NO. 05-0024 |
| VERSUS | JUDGE DONALD E. WALTER |
| JOHN E. POTTER, Postmaster General, UNITED STATES POSTAL SERVICE | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

Before this Court is a Motion to Dismiss, or Alternatively, for Summary Judgment filed on behalf of defendant, John E. Potter, Postmaster General, United States Postal Service [doc. #18], pursuant to Federal Rules of Civil Procedure 12(b)(1) and 56. Plaintiff opposes this motion. For the reasons assigned herein, defendant's Motion to Dismiss is **GRANTED** and plaintiff's claims are hereby **DISMISSED WITHOUT PREJUDICE.**

## STATEMENT OF THE CASE

Plaintiff Randolph Jackson ("Jackson") brings this action under Title VII of the Civil Rights Act of 1964 against his employer, alleging that he was discriminated against because of his race. Jackson was injured in 1994 while driving a forklift and his Federal Employees Compensation Act ("FECA") claim was accepted. See Plaintiff's June 22, 1995 letter from U.S. Department of Labor. Plaintiff asserts that postal worker injury compensation specialists discriminated against him by not properly submitting his claims for compensation for an on-the-job injury, and that the Injury Compensation Manager lied for two years in reference to his claims, compensation, leave buy-back, scheduled award. Jackson also asserts that his manager "denied [him] the right to see [his] doctor for almost two years." See Plaintiff's Complaint p.1. Defendant asserts that the exclusivity

provision of FECA, 5 U.S.C. §8116(c), bars plaintiff's claims and requests their dismissal under Rule 12(b)(1) for lack of subject matter jurisdiction.

## DISMISSAL UNDER RULE 12(b)(1) STANDARD

Under Fed. R. Civ. P. 12(b)(1), court may base its disposition of a motion to dismiss for lack of subject matter jurisdiction on the complaint alone, the complaint supplemented by undisputed facts evidenced in the record, or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. See Ynclan v. Dep't of the Air Force, 943 F.2d 1388, 1390 (5th Cir. 1991). In the present case, this Court bases its disposition of plaintiff's motion on the complaint supplemented by undisputed facts evidenced in the record.

## LAW AND ANALYSIS

The workers compensation program established by FECA is essentially an implicit bargain between federal employees and the government: "employees are granted surer and more immediate relief in return for foregoing more expensive rewards outside the system." Gill v. United States of America, 641 F.2d 195, 197 (5th Cir. 1981). If the Secretary of Labor grants a claimant FECA benefits, then that determination is "made unreviewable" by district courts. Id. The Secretary of Labor granted Jackson $6,351.54, gross compensation, for leave used while recovering from his 1994 injuries. Jackson's complaint in the present case arises from the same injuries sustained in the original 1994 accident, though he brings this action in the form of a Title VII discrimination suit. Under 5 U.S.C. § 8128(b), decisions made by the Secretary of Labor are not subject to judicial review. Accordingly, this complaint must be dismissed for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1).

## CONCLUSION

For the reasons stated above, plaintiff's claims are hereby **DISMISSED WITHOUT PREJUDICE**.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 28 day of March, 2006.

DONALD E. WALTER
UNITED STATES DISTRICT JUDGE